IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JERALD GLENN SIMPSON,

    Plaintiff,

v.                                                            No. 1:16-cv-01221-JDB-jay

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

___

### ORDER AFFIRMING DECISION OF COMMISSIONER
___

This appeal to the denial of disability benefits and supplemental security income ("SSI") under the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, was filed by Plaintiff, Jerald Glenn Simpson, on August 4, 2016. (Docket Entry ("D.E.") 1.) Simpson filed a brief in support of his position, (D.E. 14), to which Defendant, the Commissioner of Social Security, filed a response, (D.E. 14). The appeal is now appropriate for a decision.

### PROCEDURAL HISTORY

Plaintiff initially filed for disability benefits and SSI on August 25, 2014, alleging disability stemming from "retinal detachments and defects" and glaucoma beginning December 31, 2012. (D.E. 12-4 at PageID 115, 118.) The Social Security Administration denied his claim on November 24, 2014. (*Id.*) After his request for reconsideration was denied, (*Id.* at PageID 137–38), Simpson brought his claim before an administrative law judge ("ALJ"), who also denied his claim on March 21, 2016, (D.E. 12-3 at PageID 51). The Appeals Council ("AC") denied Plaintiff's request for a review of the ALJ decision on June 23, 2016. (*Id.* at PageID 34.) The AC

1

rendered its unfavorable decision despite Simpson's April 13, 2016 submission of the statement of ophthalmologist, Dr. Hilary Grissom.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision, and whether the correct legal standards were applied. *Id.*; *Landsaw v Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986) (citing *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524 (6th Cir. 1981)). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2001) (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). The Court need not "agree with the Commissioner's finding, as long as it is substantially supported in the record." *Id.* (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999)).

The Commissioner, not the court, is charged with the duty to weigh the evidence; to make credibility determinations and resolve material conflicts in the testimony; and to decide the case accordingly. *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (citing first *Richardson v. Perales*, 402 U.S. 389, 390 (1971), then *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion. *Id.* (citing *Mullen v. Bowen*, 800 F.2d

535, 545 (6th Cir. 1986)). A reviewing court must defer to findings of fact by the Appeals Council when those findings conflict with the factual findings of the ALJ. *Mullen*, 800 F.2d at 545.

## THE COMMISSIONER'S DECISIONS

The Social Security Act defines disability as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the ultimate burden of establishing an entitlement to benefits. *Born v. Sec'y of Health and Human Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990). The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background. *Id.*

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
> 2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(iv), 404.1520 (b)–(g)). Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis. *Id.* § 404.1520(a).

In Plaintiff's case, the ALJ determined that: (1) he met the insured status requirements of the Act through March 31, 2016; (2) he had not engaged in substantial gainful activity since his disability onset date; (3) he had glaucoma and retinal detachment of the left eye, however, he did not have an impairment or combination of impairments that medically equaled the severity of one of those listed in the regulations; (4) he was unable to perform past relevant work, but he could perform other work as defined in the regulations; and, therefore, (5) he was not disabled and could find jobs performing such light work. (D.E. 12-3 at PageID 56–61.) Thus, the ALJ found that Simpson was not disabled at steps three and five of the sequential evaluation process.

The ALJ specifically determined that Plaintiff could perform "a full range of work at all exertional levels." (*Id.* at PageID 57.) However, his impairments prevented him from performing employment that required driving and using depth perception; climbing and being exposed to unprotected heights; and moving machinery. (*Id.*) In arriving at this conclusion, the ALJ accorded great weight to the examination of Dr. Grissom, Simpson's treating ophthalmologist, who issued her report on April 23, 2015. (*Id.* at PageID 59.) Dr. Grissom opined that the claimant was capable of avoiding ordinary hazards in the workplace"; that he "was able to view computer screens [and] read newspapers and books but not very fine print"; and that his depth perception in his left eye was poor. (*Id.*) However, she further indicated that Plaintiff only suffered a "mild loss of peripheral vision" in his right eye. (*Id.*)

After the ALJ issued her ruling, Dr. Grissom wrote Simpson's counsel a letter further detailing his vision issues. (*Id.* at PageID 41.) In it, she explained that, while Plaintiff did not suffer from legal blindness, his vision was adversely affected in other ways that were not reflected in the original report she had provided. (*Id.*) Simpson had nearsightedness in his right eye and, because of the severity of the condition, he was only able to see straight ahead when looking

4

through his glasses. (*Id.*) However, because he was unable to afford new glasses, the pair he used were yellowed and scratched, which limited his vision in his functional eye. (*Id.*)

Plaintiff submitted Dr. Grissom's letter to the AC as part of his appeal. (*Id.* at PageID 35.) Although the AC read the letter, it declined to consider its content for the purposes of Simpson's original claim, because the information in the letter was "new" and "about a later time." (*Id.*) The AC advised Plaintiff that if he desired to have the doctor's letter considered, he would need to file a new claim. (*Id.*)

## ANALYSIS

The only issue presented to this Court for review is the whether the AC failed to properly consider and evaluate Dr. Grissom's April 13, 2016 letter under applicable regulations. (D.E. 14 at PageID 583.) When new evidence is presented to the AC that was not before the ALJ for consideration, the AC "shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.970 (2016).[1] Generally, if such evidence is considered by the AC but it declines to review the application on the merits, the district court is not to consider the evidence part of the record. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citing *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996)). However, sentence six of 42 U.S.C. § 405(g) provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both . . . .

---

[1] The wording of this regulation has changed; however, because the decisions of the Commissioner were made before this change, the Court has referenced its former language.

5

*See also Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 724–25 (6th Cir. 2012) (explaining the process of a remand under sentence six of § 405(g)).

"[E]vidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Foster*, 279 F.3d at 257 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). "Such evidence is 'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'" *Id.* (quoting *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988)). "In order to prove 'good cause,' a Claimant must 'demonstrat[e] a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ.'" *Courter*, 479 F. App'x at 725 (quoting *Foster*, 279 F.3d at 357). Compared to other circuits, the Sixth Circuit "has taken a harder line on the good cause test." *Oliver v. Sec'y of Health and Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). In fact, this requirement "is the simplest reason why the standard for remand is not met." *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

The facts of *Courtrer* are similar to those in this case. In *Courtrer*, the ALJ rejected the claimant's allegation that she was mentally disabled; the claimant then ordered two additional mental evaluations and submitted them to the district court. 479 Fed.Appx. at 718. The district court refused to consider the new evidence and the claimant appealed. *Id.* The Sixth Circuit held that the claimant did not show good cause for failing to present this evidence to the ALJ:

> Presumably, Claimant is arguing that she could not anticipate that the ALJ would find that she did not qualify as mentally disabled and therefore that she would need to bolster her case with additional evidence. Claimant's argument is frivolous and fails to provide a reasoned explanation for or detail the obstacles that hindered her from seeking the evaluations sooner. A party should always anticipate that a decision maker might rule against it. A belief that one would not "lose" given the evidence admitted cannot meet the "good cause" standard for failing to obtain or submit all useful evidence in the first instance.

*Id.* at 725–26 (citations omitted).

Similarly, in this case, Simpson argues only that the letter is "new" and "was not available to Counsel prior to the administrative hearing." (D.E. 14 at PageID 594.) That the letter was "new" does not answer the question, however; Plaintiff must provide a reasonable justification as to why the doctor's opinions contained therein were not presented to the ALJ. Simpson offers only the explanation that "Counsel did attempt to contact Dr. Grissom prior to the hearing" but that he was nonetheless "unable to speak with her until" afterwards. (*Id.*) Considering the doctor was Plaintiff's treating ophthalmologist, he presumably could have elicited the opinions contained in the letter well before the ALJ's hearing but simply failed to do so. Because Plaintiff has not furnished good cause as to why Dr. Grissom's letter was not provided to the ALJ for earlier consideration, his request that this Court remand the case under sentence six of § 405(g) is DENIED.[2]

## CONCLUSION

In light of the foregoing, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED this 20th of March 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] Although Defendant argued that the ALJ did have substantial evidence for her decision, (D.E. 15 at PageID 605–10), Simpson did not challenge that determination, and the Court sees no reason to disturb it. *Cf. Schmiedebusch v. Comm'r of Soc. Sec.*, 536 F. App'x 637, 649–50 (6th Cir. 2013) (declining to consider an issue on appeal not raised at the district court level).